UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

WUALMARIO ALFONSO LOPEZ-GUTIERREZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden of the Otay Mesa Detention Center; PATRICK DIVVER, or his successor, Field Office Director, Enforcement and Removal Operations, San Diego Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-05546-LEK-GC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Petitioner Wualmario Alfonso Lopez-Gutierrez's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on September 28, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden of the Otay Mesa Detention Center; Patrick Divver, or his successor, Field Office Director, Enforcement and Removal Operations

("ERO"), San Diego Field Office, U.S. Immigration and Customs Enforcement ("ICE"); David J. Venturella, Senior Official Performing the Duties of the Director, ICE; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States (collectively "Respondents"), filed a return to the Petition ("Return") on October 5, 2026. [Dkt. no. 5.] Petitioner filed a traverse in support of the Petition ("Traverse") on October 9, 2026. [Dkt. no. 6.]

**BACKGROUND**

Petitioner, a citizen and national of Nicaragua, most recently entered the United States on April 29, 2026. [Petition at ¶ 19.] Petitioner first fled Nicaragua in 2021, after participating in peaceful, anti-government demonstrations, and he sought asylum in the United States.[1] See id. at ¶ 29. On January 26, 2022, Petitioner was apprehended in Texas, and, on January 28, 2022, he was served with a Notice to Appear, which placed him in removal proceedings. See Return, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 4/30/26 ("Form I-213")) at 3. An order of removal *in absentia* was issued on May 30, 2023. See Petition at ¶ 30; Return, Exh. 2 (Order of the Immigration Judge, dated 5/30/23 ("5/30/23 IJ Order")). The 5/30/23 IJ Order directed that Petitioner be removed to Nicaragua. See Return, Exh. 2 (5/30/23 IJ Order) at PageID.35. Petitioner was removed to Nicaragua on December 5, 2025. See Return, Exh. 1 (Form I-213) at 3.

At some point prior to January 29, 2026, Petitioner re-entered the United States. See id. (stating that, on 1/29/26, Petitioner was transferred to the Metropolitan

[1] Although the Petition states that Petitioner sought asylum, [Petition at ¶ 29,] there is no indication in the record of this case that Petitioner filed an application for asylum after his initial entry into the United States. Petitioner acknowledges that, currently, "[b]ecause his prior removal order was reinstated, Petitioner is statutorily ineligible for asylum." See id. at ¶ 3.

Correction Center in San Diego California ("MCC"), pending prosecution under 8 U.S.C. § 1326).[2] On February 5, 2026, Petitioner was transferred to the custody of the San Diego ERO. On March 2, 2026, an immigration judge issued a negative fear finding, and Petitioner was removed on March 20, 2026. See id.; see also Petition at ¶ 30 (stating that, on or about 3/20/26, Petitioner was removed to Nicaragua pursuant to the 5/30/23 IJ Order).[3] Petitioner alleges that, when he arrived in Nicaragua, the authorities detained him, "beat him with a baton, deprived him of food for a week, forced him to sleep on a concrete floor, . . . called him a 'traitor' and a 'Yankee,'" and charged him with conspiring against the government. [Petition at ¶ 30.] Petitioner fled Nicaragua approximately fifteen days later. [Id.]

On April 29, 2026, Petitioner was apprehended by the United States Border Patrol after entering the United States on foot at, or near, Tecate, California.[4] He was held in DHS custody, pending prosecution for violating Title 8 United States Code Section 1326. See Return, Exh. 1 (Form I-213) at 3; see also United States v. Lopez

---

[2] Petitioner was charged in a criminal complaint filed on January 30, 2026. See United States v. Lopez Gutierrez, Case No. 3:26-mj-00474-BJW, dkt. no. 1. Plaintiff United States of America ("the Government") filed a motion that, *inter alia*, sought to dismiss the complaint, stating that Petitioner had already been deported to his country of origin. See id., motion, filed 2/9/26 (dkt. no. 13). Although the representation about the timing of Petitioner's removal is inconsistent with the date in the Petition and the Form I-213, the inconsistency is not relevant to this Court's analysis.

[3] The evidence submitted by Respondents indicates that, in March 2026, Petitioner was removed to Mexico. See Return, Exh. 1 (Form I-213) at 3; id., Exh. 5 (Order of the Immigration Judge, dated 9/15/26 ("9/15/26 IJ Order")) at PageID.48. It is not necessary to resolve this inconsistency between Respondents' evidence and paragraph 30 of the Petition because it is not relevant to this Court's analysis.

[4] Petitioner states that he entered the United States near Jacumba, California. [Petition at ¶ 31.] It is not necessary to resolve this inconsistency between the Form I-213 and paragraph 31 because it is not relevant to this Court's analysis.

Gutierrez, Case No. 3:26-mj-02522-MSB ("MJ 26-2522"), complaint, filed 4/29/26 (dkt. no. 1).[5] Later on April 29, 2026, Petitioner was released from MCC to the custody of the San Diego ERO on an immigration detainer. See Return, Exh. 1 (Form I-213) at 3. On April 30, 2026, DHS reinstated Petitioner's prior removal order, and he was taken to the Otay Mesa Detention Center, where he remained through the filing of the Petition and the Traverse. See Petition at ¶ 31; Traverse at 2.

Because Petitioner expressed a fear of returning to Nicaragua, a U.S. Citizenship and Immigration Services ("USCIS") asylum officer interviewed him on May 8, 2026. The asylum officer found that Petitioner's testimony was credible and that Petitioner established both previous persecution based on his political opinion and a reasonable possibility of future persecution if he returned to Nicaragua. See Petition at ¶ 32. Based on that finding, USCIS referred Petitioner to the immigration court for withholding-only proceedings pursuant to Title 8 Code of Federal Regulations Section 208.31(e). See id. An immigration judge denied Petitioner's applications for withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA"), Title 8 United States Code Section 1231(b)(3), and for withholding of removal or deferral of removal under the Convention Against Torture. See Return, Exh. 5 (9/15/26 IJ Order) at PageID.54. The immigration judge found that Petitioner's testimony was neither credible nor persuasive and that Petitioner failed to establish past harm, or a fear of future harm, because of a protected ground. See id. at PageID.47, PageID.51.

Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on September 23, 2026. See Return at 2; id., Exh. 6 (BIA Filing Receipt for Appeal or Motion, dated 9/23/26 ("BIA Appeal Receipt")).

---

[5] On May 6, 2026, the Government filed a motion to dismiss the complaint without prejudice, stating that Petitioner was released into immigration custody, and that those proceedings would unnecessarily delay the trial. [MJ 26-2522, dkt. no. 12.] The motion was granted in a judgment and order filed on May 8, 2026. [Id., dkt. no. 13.]

Petitioner acknowledges that, because he is subject to a reinstated removal order, his detention is governed by Title 8 United States Code Section 1231(a)(6), but he argues that aliens who are detained pursuant to Section 1231(a)(6) have a due process right to a bond hearing if their detention becomes prolonged. See Petition at ¶¶ 36-37. Petitioner argues his continued detention without a bond hearing violates the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2), see Petition at pgs. 11-12, and his due process rights, see id. at pgs. 12-13. Petitioner alleges he is entitled to, *inter alia*, immediate release or, in the alternative, a bond hearing within fourteen days. See id. at pg. 14.

Respondents argue Petitioner is subject to mandatory detention under Section 1231. They acknowledge that a due process challenge can be brought if a Section 1231 detention becomes prolonged and indefinite, but they argue that Petitioner's detention is neither. See Return at 1.

**STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See

Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[6]

## DISCUSSION

### I. Due Process

#### A. Framework Governing Petitioner's Detention

It is undisputed that Section 1231 governs Petitioner's detention. See Petition at ¶ 36; Return at 1. The United States Supreme Court has held "that § 1231, not [8 U.S.C.] § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021). However, this district court has recognized, in the context of mandatory detention under Title 8 United States Code Section 1225, that

> "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will - at some point - violate the right to due process." Singh v. Barr, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases); see also Maksin [sic] v. Warden, Golden State Annex, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) (collecting cases). . . . .
>
> . . . "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." Amado v. United States Dep't of Just., 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." Lopez v. Garland, 631 F. Supp. 3d

---

[6] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

> 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. See, e.g., Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

Derbew v. LaRose, Case No. 26-CV-2803 JAO(DEB), 2026 WL 1468308, at *2-3 (S.D. Cal. May 22, 2026) (some alterations in Derbew).

**B. Petitioner's Detention**

In the instant case, Petitioner has now been detained for approximately six-and-a-half months. See Petition at ¶ 9. This Court therefore finds that the length of detention weighs in favor of Petitioner. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (recognizing six months as a "presumptively reasonable period of detention"). However, the United States Supreme Court has stated that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Petitioner has not identified any impediment to his removal, other than the pending BIA appeal from the 9/15/26 IJ Order. This district court has recognized that a stay pending a judicial appeal of an immigration decision "does not, by itself, establish that Petitioner's removal is not reasonably foreseeable under Zadvydas." See Sotelo Ayala v. LaRose, Case No. 26-cv-5055-RSH-KSC, 2026 WL 2959996, at *5 (S.D. Cal. Oct. 1, 2026) (citing Ramirez v. Acting Warden of the Adelanto Det. Ctr., No. EDCV 26-4806-AS, 2026 WL 2677300, at *3 (C.D. Cal. Sept. 9, 2026) ("Here, the only apparent

obstacle to Petitioner's removal is his pending Ninth Circuit appeal, and particularly the Ninth Circuit's administrative stay, which is unlikely to postpone his removal beyond the reasonably foreseeable future."); Lagunas v. Facility Adm'r, Adelanto ICE Processing Ctr., No. 5:26-CV-00507-MCS-KES, 2026 WL 2041445, at *2 (C.D. Cal. July 14, 2026) ("Several courts confronted with the same issue have concluded that a stay of removal pending judicial review cannot alone satisfy a petitioner's burden under Zadvydas.") (collecting cases); Paez v. Scott, No. 2:26-CV-01144-LK, 2026 WL 1396111, at *3 (W.D. Wash. May 19, 2026) ("All federal appellate courts that have considered the issue have concluded that relief under Zadvydas is unavailable where delay in removal is caused by ongoing litigation.") (collecting cases); Deagueros Mota v. Blanche, No. 3:26-CV-01254-RBM-MSB, 2026 WL 972850, at *4 (S.D. Cal. Apr. 10, 2026) (holding that pending appeal of reinstatement of removal order does not render removal unforeseeable under Zadvydas); Hurtado-Romero v. Sessions, No. 18-CV-01685-EMC, 2018 WL 2234500, at *4 (N.D. Cal. May 16, 2018) (holding petitioner not entitled to relief under Zadvydas where the "sole obstacle to removal appears to be [petitioner's] pending appeal of the adverse withholding decision.")).

Similarly, in the instant case, Petitioner's pending BIA appeal does not, by itself, establish that "there is no significant likelihood of removal in the reasonably foreseeable future." See Zadvydas, 533 U.S. at 701. Further, Petitioner has been removed to Nicaragua before. See Return, Exh. 1 (Form I-213) at 3; Petition at ¶ 30. Petitioner could be immediately removed again but for his attempt to seek withholding of removal. See generally Return, Exh. 5 (9/15/26 IJ Order); id., Exh. 6 (BIA Appeal Receipt). Because Petitioner could be immediately removed if the BIA affirms the 9/15/26 IJ Order, "he is not facing a potentially indefinite detention." See Rocha v. Divver, Case No. 26-cv-04205-BAS-MSB, 2026 WL 2280747, at *2 (S.D. Cal. Aug. 7, 2026).

Petitioner has therefore failed to establish that his current detention has been unconstitutionally prolonged and indefinite. The Petition is denied as to Petitioner's due process claim.

**II. <u>APA</u>**

Petitioner argues that Respondents' decision to continue Petitioner's detention without an individualized bond hearing "is arbitrary, capricious, and unsupported by substantial evidence," [Petition at ¶ 49 (citing 5 U.S.C. § 706(2)(A), (E)),] and an abuse of their discretion, <u>see</u> <u>id.</u> at ¶ 53. Because Petitioner is subject to mandatory detention under Section 1231 and because his detention has not been unconstitutionally prolonged, Petitioner cannot establish that Respondents' failure to provide him with a bond hearing was "arbitrary, capricious, an abuse of discretion, . . . not in accordance with law," or "unsupported by substantial evidence." <u>See</u> 5 U.S.C. § 706(2)(A), (E). The Petition is therefore denied as to Petitioner's APA claims.

**<u>CONCLUSION</u>**

For the foregoing reasons, Petitioner Wualmario Alfonso Lopez-Gutierrez's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed September 28, 2026, is DENIED. The Clerk's Office is DIRECTED to close this case on **December 21, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 19, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>WUALMARIO ALFONSO LOPEZ-GUTIERREZ VS. CHRISTOPHER J. LAROSE ET AL.</u>; CASE NO. 3:26-CV-05546-LEK-GC; ORDER DENYING PETITION**